UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN DUMAS, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:20-cv-00387 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| JAFAR ALBAIER, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

This matter is before the Court on the Motion of Defendants Thomas Boyhan and Barr-Nunn Transportation, LLC to Dismiss the Complaint for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 18).[1] Plaintiff has filed a memorandum in opposition (Doc. 23), to which Defendants have replied (Doc. 27). As explained below, Defendants' Motion will be GRANTED.

### I. BACKGROUND

Plaintiff John Dumas has filed a Complaint for Personal Injury against multiple parties—mostly truck drivers and trucking companies—involved in a motor vehicle collision on Interstate 75. (Doc. 1). Specifically, Plaintiff alleges that he was injured on January 3, 2020 when Defendant Jafar Albaier lost control of the commercial tractor-trailer (owned by Defendant T&T Enterprises of Ohio) he was driving. (*Id.* at PageID 5–6 (¶¶ 21–29) (Count 1)). He further alleges that Defendant Albaier failed to inspect and repair said tractor-trailer, which caused him to lose control of it. (*Id.* at PageID 6–8 (¶¶

---

[1] All other Defendants who have appeared have filed answers. (*See* Docs. 7, 20, 29).

1

30–39) (Count 2)).[2] Plaintiff also alleges that three other truck drivers—Defendant Brandon Williams (driving a vehicle owned by Defendant KCD Trucking), Defendant Amin Ullah (driving a vehicle owned by Defendant Splendour Trucking), and Defendant Thomas Boyhan (driving a vehicle owned by Defendant Barr-Nunn Transportation)—drove negligently. (*Id.* at PageID 11–12 (¶¶ 66–74) (Count 7); 13–14 (¶¶ 79–87) (Count 9); 15–16 (¶¶ 92–100) (Count 11)).

## II. ANALYSIS

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *In re DePuy Orthopaedics, Inc.*, 953 F.3d 890, 893–84 (6th Cir. 2020) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Subject matter jurisdiction, therefore, is not a mere "technicality." *Id.* at 893. Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is known as federal-question jurisdiction.[3] "A claim arises under federal law, for purposes of federal question jurisdiction, when the cause of action is (1) created by a federal statute or (2) presents a substantial question of federal law." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (citing *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1011 (6th Cir. 2018)).

---

[2] Plaintiff assert the same claim against John Does 1 through 10 (employees of T&T Enterprises of Ohio) and T&T Enterprises of Ohio as employer. (Doc. 1 at PageID 8–9 (¶¶ 40–48) (Count 3); 9 (¶¶ 49–52) (Count 4)).

[3] Federal district courts also can have subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. Diversity jurisdiction is not possible here, though, because Plaintiff and several of the Defendants are all citizens of Ohio. (Doc. 1 at PageID 3 (¶¶ 3–7); 4 (¶¶ 10-12)).

Plaintiff asserts federal-question jurisdiction under the Federal Motor Carrier Safety Regulations (FMCSRs), specifically 49 C.F.R. § 396.3. (*Id.* at PageID 3 (¶ 1)).[4] But Defendants Boyhan and Barr-Nunn argue that the FMCSRs do not create a private right of action and do not present a substantial question of federal law in a personal injury case. Defendants are correct.

### A. The FMCSRs Do Not Create a Private Right of Action for Personal Injury

49 C.F.R. § 396.3 concerns the "inspection, repair, and maintenance" of commercial motor vehicles. There is no reference to a private right of action in the text of this regulation in the event of an alleged violation. Further, "[a]s has been established in the Sixth Circuit, the FMCSR[s] do[ ] not create a private right of action." *Tassin v. BNK Trans., Inc.*, No. 3:19-CV-00064-JHM, 2019 WL 2271163, at *2 (W.D. Ky. May 28, 2019) (citing *Fochtman v. Rhino Energy, LLC*, No. 13-104-ART, 2013 WL 5701468, at *2 (E.D. Ky. Oct. 17, 2013)); *see Steinberg v. Luedtke Trucking, Inc.*, No. 4:17-CV-9, 2018 WL 3233341, at *4 (E.D. Tenn. July 2, 2018) (collecting cases).

Plaintiff cites *Heffelfinger v. Connolly*, No. 3:06-CV-2823, 2009 WL 112792 (N.D. Ohio Jan. 15, 2009) for the proposition that 49 C.F.R. § 396.3 confers federal-question jurisdiction. It is true that Judge Carr stated that jurisdiction was proper under 28 U.S.C. § 1331. 2009 WL 112792, at *1. But the court did not engage in a jurisdictional analysis. Rather, at issue in *Heffelfinger* was whether Ohio's then-recently enacted statutory cap on non-economic damages in tort cases should be applied retroactively.

---

[4] Plaintiff asserts supplemental jurisdiction under 28 U.S.C. § 1367(a) for his state law claim brought pursuant to Ohio Rev. Code § 4511.202 ("Operation without reasonable control"). (Doc. 1 at PageID 3 (¶ 1)).

*Id.* at *1–3.  In contrast, *Tassin*, *Fochtman*, and *Steinberg* all engaged in a jurisdictional analysis, and all concluded that the FMCSRs do not confer federal-question jurisdiction.

Plaintiff fails to establish federal-question jurisdiction, then, by alleging a violation 49 C.F.R. § 396.3.  But this determination does not end the Court's inquiry.

### B. The FMCSRs Do Not Present a Substantial Question of Federal Law in a Personal Injury Case

In the rare case, federal-question jurisdiction can "embrace" state law claims that implicate significant federal issues.  *Fochtman*, 2013 WL 5701468, at *1 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("There is[   ] another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction, this Court having recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicated significant federal issues.")).  Federal-question jurisdiction will lie over a state law claim if a federal issue is:  "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (clarifying *Grable*, 545 U.S. at 314).  Application of *Grable* test to the facts alleged here, however, does not support the conclusion that federal-question jurisdiction lies over Plaintiff's claim of negligence.

**Disputed federal issue.**  Federal-question jurisdiction requires "an *actual* dispute over a federal issue by both parties."  *Funderwhite v. Local 55, United Ass'n*, 702 F. App'x 308, 313 (6th Cir. 2017) (emphasis in original).  This means that the parties "must 'cross swords over' a federal issue such that two competing interpretations are asserted."  *Id.* (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 569 (6th Cir. 2007)).

4

Plaintiff's Complaint alleges (in Count 1) that Defendant Albaier lost control of his tractor-trailer and thus was negligent per se under Ohio Rev. Code § 4511.202 ("Operation without reasonable control"). He further alleges (in Count 2) that Defendant Albaier failed to inspect and repair his vehicle in violation of 49 C.F.R. § 396.3, with this failure causing him to lose control of it. Plaintiff alleges (in Count 3) the same violation of 49 C.F.R. § 396.3 against John Does 1 through 10 (as employees of Defendant T&T Enterprises who were in control of the vehicle before Albaier) and alleges (in Count 4) vicarious liability against T&T Enterprises as Albaier's employer. Defendants Albaier and T&T Enterprises deny these allegations. (Doc. 20 at PageID 83 (¶ 21)). Thus, there is "an actual dispute" as to whether these Defendants[5] violated 49 C.F.R. § 396.3. *See Fochtman*, 2013 WL 5701468, at *1 ("[R]esolution of a federal question is 'necessary' to Fochtman's case [because] he alleges violation of certain Kentucky statutory and regulatory provisions that incorporate federal law, including one regulation specifically adopting the FMCSR[s]."); *see also Burkett v. SE Indep. Delivery Servs., Inc.*, No. 2:17-cv-786-GMB, 2018 WL 1093320, *2 (M.D. Ala. Feb. 28, 2018) (resolution of federal issue necessary to plaintiff's state negligence per se claim that incorporated predicate violation of multiple FMCSRs). Defendants Boyhan and Barr-Nunn concede as much.

**Significant federal issue.** The presence of a disputed federal issue is not enough, though. The federal issue also must qualify as "substantial," and here it does not. While admittedly important to Plaintiff, it lacks "importance to the federal system as a whole." *Fochtman*, 2013 WL 5701468, at *2 (citing *Gunn*, 568 U.S. at 263–64)). It will

---

[5] No other Defendants, including Boyhan and Barr-Nunn, are alleged to have violated 49 C.F.R. § 396.3.

5

not determine the outcome of any other case. *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700–01 (2006); *Burkett*, 2018 WL 1093320, at *3 (no federal-question jurisdiction, because whether defendant violated the FMCSRs is "a classically fact-specific inquiry" the resolution of which will not govern federal cases prospectively). As in *Fochtman*, Plaintiff has brought "a garden-variety state tort claim." 2013 WL 5701468, *2. Plaintiff alleges that Defendant Albaier violated a federal regulation, 49 C.F.R. § 396.3, which caused him to lose control of his vehicle, making him presumptively negligent under Ohio law. A claimed violation of a federal regulation as an element of a state cause of action is "insufficiently 'substantial' to confer federal question jurisdiction." *Id.* (citing *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 712–13 (6th Cir. 2012) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986))); *see Dippel v. BestDrive, LLC*, No. 3:19-cv-01135, 2020 WL 813917, at *3 (S.D. Ill. Feb. 19, 2020) (no substantial federal issue when plaintiff relies on the FMCSRs to establish state law negligence); *Burkett*, 2018 WL 1093320, at *3 (same).

**Federal-state balance.** As noted, Congress has not created a private right of action for an alleged violation of 49 C.F.R. § 396.3 or any of the FMCSRs. While "the absence of a federal private right of action does not entirely decide the issue of congressional intent[,] . . . it is persuasive evidence that Congress did not intend to set out a 'welcome mat' inviting state claims with embedded federal issues like this on into federal court." *Fochtman*, 2013 WL 5701468 (citing *Grable*, 545 U.S. at 317–18; *Merrell Dow*, 478 U.S. at 810–12)). Moreover, allowing a state court to interpret the FMCSRs serves "the state's strong interest in developing its own personal injury doctrine without interference by federal courts." *Id.*; *Dippel*, 2020 WL 813917, at *4.

With only two of the four *Grable* factors satisfied, it is clear that this case is not a rare substantial-federal-question case. *Burkett,* 2018 WL 1093320, at *1. Because it cannot "pass through the alternative federal-question-jurisdiction portal[,]" *see Hampton*, 683 F.3d at 712, dismissal for lack of subject matter jurisdiction is warranted.

### III. CONCLUSION

For the foregoing reasons, the Motion of Defendants Thomas Boyhan and Barr-Nunn Transportation, LLC to Dismiss the Complaint for Lack of Subject Matter Jurisdiction (Doc. 18) is **GRANTED**. Accordingly, this matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                            */s/ Michael R. Barrett*
                                            Michael R. Barrett, Judge
                                            United States District Court